FRANCISCO COLÓN, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 870.  Argued January 9, 1932.—Decided May 16, 1933.

*Tous Soto & Zapater* for petitioner.  *R. García Quiñones* for employer.

MR. JUSTICE WOLF delivered the opinion of the Court.

Because of the enucleation of an eye the Industrial Commission made an award in favor of Francisco Colón. Francisco H. Morales, the alleged employer, appealed to the District Court of Humacao. In the hearing before the district court Morales appeared by his attorney as did the Industrial

Commission by the district attorney. The workingman was not represented at the hearing in the district court. One of the questions raised by the alleged employer was whether Francisco Colón at the time of the accident was actually in his employ. The appellant also set forth that certain testimony was adduced in the Industrial Commission *ex parte*.

The district court agreed with the appellant on both grounds and held that Francisco H. Morales had no responsibility.

Subsequently, a petition for a writ of certiorari was presented in this Court. We shall not attempt to enter into any analysis of the evidence as to whether Francisco Colón was or not an employee. Perhaps if certain questions of jurisdiction had been raised in this Court and Colón had appeared in the court below, we should examine the evidence to see whether any change was likely to result on sending the case back.

The workman, Colón, we find was given no opportunity to be heard in the district court. The law does not specifically require that the laborer be notified of the appeal, but we are convinced that he should be given an opportunity to be heard.

For example, we have decided in *White Star Bus Line, Inc.,* v. *District Court,* 41 P.R.R. 527; and *Robles* v. *District Court,* 44 P.R.R. 940, that the district court has full power to hear the case and decide it, and is not bound to send it back to the Industrial Commission. These decisions involve the idea that there are issues to be heard.

The person primarily interested in maintaining the award of the commission is the workman, and while perhaps not all the formalities of a notice should be followed, yet under section 36 of the Code of Civil Procedure, the court should take due steps so that the laborer may have an opportunity to be heard. The statutes, as we have indicated, are silent on this subject, but the conclusion flows from the general principle of the adjective law, *audi alteram partem*.

The judgment of the District Court of Humacao should be annulled and the case sent back to that court for further proceedings not inconsistent with this opinion.